UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE ROBIDOUX; REGINA
ROBIDOUX; RANDALL
REICHEBERG, JR. and JESSE J.
ROBIDOUX, JR., minors by and
through their GUARDIAN AD
LITEM, REGINA ROBIDOUX; SHAUN
JOHNSON; LORENA LINGENFELTER;
HANNAH BURK and MICHAEL BURK,
minors by and through their
GUARDIAN AD LITEM, LORENA
LINGENFELTER, individuals,

NO. CIV.S-06-2334 LKK/DAD

    Plaintiffs,

  v.                                O R D E R

WACKER FAMILY TRUST; WAYNE
WACKER, EILEEN WACKER and
CHRISTINE WACKER, individually
and doing business as VILLA
SERRANO APARTMENTS; BRIAN
ROSENGREN,

    Defendants.
_____/

    The plaintiffs are individuals, including minors and their guardian ad litem, who alleged that defendants violated the rights under federal and state housing rights statutes, among others. Pending before the court is plaintiffs' request for approval of the

1

compromise of the minor plaintiffs' claims. Defendants do not oppose the motion. For the reasons stated herein, the motion is granted in part.

**I. BACKGROUND AND FACTS**

According to the complaint, the plaintiffs are former residents of the Villa Serrano Apartments, allegedly operated and managed by defendants. They alleged that defendants discriminated against families with children, in violation of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq, the Fair Employment and Housing Act, Cal. Gov't Code § 12955, the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq., and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17204. Plaintiff Johnson is allegedly a former employee of the defendants as well as resident of the Villa Serrano Apartments and has alleged that defendants unlawfully terminated her tenancy. The plaintiffs also alleged that certain defendants are liable for negligence, assault, battery, and intentional infliction of emotional distress. In their complaint, plaintiffs sought declaratory and injunctive relief, as well as compensatory, punitive and treble damages and attorneys fees.

The complaint was filed in October 2006. In October 2008, plaintiffs filed a motion for summary judgment. The hearing on this motion was continued first upon the stipulation of the parties and subsequently by the court's order due to court congestion. Prior to the resolution of that motion, the parties filed a notice of settlement.

In the present motion, the plaintiffs request approval of

settlement of the minors' claims. Under the settlement agreement, the defendants have agreed to pay all of the plaintiffs $240,000 for damages, attorney's fees, and costs. Amended Declaration of Stuart E. Fagan In Support of Motion to Approve Compromise of Minors' Claims ("Fagan Decl."), ¶¶ 59-61. Of this, plaintiffs' counsel will receive $135,000, or 56 percent of the total award, and the plaintiffs collectively will receive $105,000. Id. ¶ 60. According to plaintiffs, the $105,000 will be distributed so that the Robidoux plaintiffs will share $35,000, the Lingenfelter plaintiffs will share $35,000, and plaintiff Johnson will receive $35,000. Pls.' Mot. to Approve Minors' Compromises at 1.

**A.   Robidoux Plaintiffs**

The "Robidoux plaintiffs" include adults Jesse and Regina Robidoux and minors Randall Reichenberg and Jesse Robidoux, Jr. Declaration of Regina Robidoux In Support of Plaintiffs' Motion to Approve Compromise of Minors' Claims ("Robidoux Decl.") ¶ 2. Regina is the mother of Randall and Jesse, Jr., and Jesse is the father of Jesse, Jr. Id. Regina was appointed guardian ad litem for her children. See Order, Oct. 30, 2006. According to her declaration, at the time she and her family moved into Villa Serrano Apartments, Randall was five years old. Robidoux Decl. ¶ 2. Jesse, Jr. was born approximately ten months after the Robidoux family moved into the apartments. Id.

All of the Robidoux's allegations involve defendants' purported restrictions on and actions towards Randall as he played outside on various occasions. See generally Compl. Ultimately,

3

defendants terminated the Robidoux's tenancy. Compl. ¶ 30. Regina Robidoux has declared that the termination of the tenancy caused her stress and created household tension. Robidoux Decl. ¶ 10.

According to Regina Robidoux, her family's receipt of $35,000 of the settlement award is "fair, reasonable, and in the best interests of [her] sons." Id. ¶ 15. Of that amount, $2,500 will be allocated to Jesse, Jr., because "he was less than one year old during the entire time of the alleged discrimination and too young to go outside to play." Id. ¶ 13. The remaining $32,500 will be divided equally among Regina, Jesse (Senior), and Randall. Id. Randall has shown "no signs of any ongoing stress" from the alleged incidents and neither son has "required any medical or psychiatric treatment" due to the defendants' alleged actions. Id.

**B. Lingenfelter Plaintiffs**

The Lingenfelter plaintiffs include Lorena Lingenfelter and her two minor children, Hannah and Michael Burk, of whom she received full custody during the time that she resided at the Villa Serrano Apartments. Declaration of Lorena Lingenfelter In Support of Plaintiffs' Motion to Approve Compromise of Minors' Claims ("Lingenfelter Decl.") ¶ 2. Michael was less than a year old during the time of their tenancy and Hannah was three years old. Id. ¶ 23. Generally speaking, the Lingenfelter plaintiffs alleged that defendants harassed them during their entire tenancy, particularly Lorena Lingenfelter, based on Lorena having children as well as her alleged physical and mental impairments. See generally Compl. Lorena has declared that after defendants terminated her tenancy,

she and her children were homeless for a period of time. Lingenfelter Decl. ¶ 20.

Of the $35,000 of the settlement allocated to the Lingenfelters, $2,500 will be allocated to Michael, due to his young age at the time of the alleged incidents, and $10,833.34 will be allocated to Hannah Burk. Id. ¶ 23. Neither child has shown signs of on-going stress or has required medical or psychiatric treatment. Id. The remaining $21,666.66 will be allocated to Lorena Lingenfelter. Id. She has declared that the settlement is "fair, reasonable, and in the best interests of [her] children." Id. ¶ 25.

**C. Shaun Johnson**

Plaintiff Shaun Johnson was a resident of Villa Serrano Apartments and was a manager there, under the supervision of the defendants, in 2004 and 2005. Declaration of Shaun Johnson In Support of Plaintiffs' Motion to Approve Compromise of Minors' Claims ("Johnson Decl.") ¶ 2. She has alleged that after she ceased working for defendants, she was harassed by them while residing at Villa Serrano. See generally Compl. According to plaintiffs, Johnson will be allocated $35,000 of the settlement award. Pls.' Mot. to Approve Minors' Compromises at 1.

**D. Evidence Relevant to the Attorneys Fees Award**

Plaintiffs have tendered other evidence in support of the reasonableness of the settlement award and particularly in support of the allocation of 56 percent of the award to plaintiffs' counsel. First, plaintiffs' counsel has tendered evidence that he
////

expended 478.68 hours working on his clients' behalf in this case.[1] Fagan Decl. Ex. 1. This included investigation, communication with clients and witnesses, drafting the complaint and the motion for summary judgment, participation in the discovery process, and preparation for and participation in settlement negotiations. Id. ¶¶ 5-59, Ex. 1. Plaintiffs' counsel also identified several hours for which he did not seek compensation, including additional investigation. Id. ¶¶ 7-9.

Plaintiffs' counsel was retained by plaintiffs on a contingency basis. Id. ¶ 6. He has declared that he has not received any compensation for any work on the claims in this suit. Id. He also has tendered evidence that he expended $8,500.73 in costs on the case.[2] Id. Ex. 1. Plaintiffs' counsel declared that his hourly rate is $350 and that he specializes in fair housing litigation throughout California. Id. ¶ 4. Plaintiffs have tendered the declaration of Mary Scott Knoll, Executive Director of the Fair Housing Counsel of San Diego, who declared that there is a lack of experienced housing attorneys in that area and that plaintiffs' counsel is "one of the few competent attorneys in San Diego County to handle fair housing matters." Declaration of Mary Scott Knoll In Support of Plaintiffs' Motion to Approve Compromise of Minors'

---

[1] In his declaration, plaintiffs' counsel stated that he spent 488.9 on the case, Fagan Decl. ¶ 5, although the time records he tendered does not substantiate this figure. See Fagan Decl. Ex. 1.

[2] Although Fagan declared that he expended $8,780.73 in costs, see Fagan Decl. ¶ 6, this is not substantiated by the evidence tendered.

6

Claims ("Knoll Decl.") ¶ 6. Plaintiffs have also tendered the declaration of Christopher Brancart, a senior partner in Brancart & Brancart, a firm that specializes in fair housing litigation. Declaration of Christopher Brancart In Support of Plaintiffs' Motion to Approve Compromise of Minors' Claims ("Brancart Decl.") ¶¶ 1-2. Brancart has declared that, based on his personal knowledge of plaintiffs' counsel's experience and skill, he believes that his hourly rate of $350 is lower than that of a comparable California attorney practicing fair housing law. Id. ¶ 4. In 2006, the Superior Court of Alameda County found plaintiff counsel's hourly rate of $350 to be reasonable. Id. ¶ 65, Ex. 2. (Ridgeway v. Harris, Case No. RG03130130, Nov. 9, 2006).

Finally, plaintiffs have tendered evidence of settlement awards in similar cases of alleged fair housing violations. See Fagan Decl. ¶¶ 67-68, Ex. 3-5. In one case, the court approved a settlement award of $130,000 to eighteen plaintiff, several of whom were minors. Id. Ex. 3 (Fair Housing Counsel of San Diego et al. v. Rivera Townhouse Homeowners Assn. et al., Case No. 02-cv-5163 (C.D. Cal. Feb. 12, 2003)). This award encompassed attorneys' fees. Id. In another case, owners of a Missouri apartment complex settled with plaintiffs who had alleged housing discrimination on the basis that they had children. Id. Ex. 4. There, the settlement award was $83,000 in damages split among the seven plaintiffs. Id. Additionally, the defendants established a $15,000 fund for additional victims, provides $72,000 to create an after-school program at the apartment complex, and agreed to modified their

7

rules regarding children. Id. Finally, plaintiffs have tendered evidence that according to the National Fair Housing Advocate's statistics, the average recovery amount in each case is $49,369. Id. Ex. 5.

## II. STANDARD

Under the Local Rules, the court must approve the settlement of the claims of a minor. Local Rule 17-202(b). The party moving for approval of the settlement must provide the court "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise. . . ." Local Rule 17-202(b)(2).

## III. ANALYSIS

The court has a duty to determine the fairness of attorneys' fees when the fees are paid from the settlement award of a minor. Cappel v. Adams, 434 F.2d 1278 (5th Cir. 1970); Krause v. Rhodes, 640 F.2d 214 (6th Cir. 1981), cert. denied, 454 U.S. 836 (1981); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 567 F. Supp. 790, 812-13 (D.D.C. 1983). This duty derives from Federal Rule of Civil Procedure 17(c), which gives the court a special responsibility to safeguard the interests of litigants who are minors. See Friends for All Children, 567 F. Supp. at 812-13; see also Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978).

In determining whether the settlement of minors' claims is fair, federal courts generally turn to state law. See 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures,

¶ 15:136, p. 15-42; <u>Nice v. Centennial Area Sch.</u>, 98 F. Supp. 665, 668-69 (E.D. Pa. 2000); <u>Walden v. Moffett</u>, 2007 WL 2859790 (E.D. Cal. Sept. 26, 2007); <u>Deja Marie ex rel. Jerry J. v. San Francisco Unified Sch. Dist.</u>, 2006 WL 2348884 (N.D. Cal. Aug. 11, 2006).

One leading California practice guide observes:

> Courts vary in their fee approval policies. All will consider the time expended and the complexity of the case. But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted] . . . As a practical matter, awards for more than 25% of the recovery in a minor's case are rare and justified only when counsel proves that he or she provided *extraordinary* services.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2007) Settlement Procedures, ¶¶ 12:576-12:577, p. 12(II)-17 (emphasis in original). This standard reflects the local rules of many California courts. See, e.g., Sacramento Superior Court Rule 10.02 (a "reasonable" attorney fee for the settlement of a minor's claim is 25%); San Diego Superior Court Rule 2.4.6.B ("Absent extraordinary circumstances, attorneys' fees will not exceed 25% of the gross proceeds of the settlement"); Los Angeles Superior Court Rule 10.79(c)(3) ("Except where good cause is shown, the attorneys fees shall not exceed an amount equal to twenty-five percent (25%) of the gross proceeds of settlement . . ."); Orange County Superior Court Rule 368 (unless good cause shown, attorneys' fees for the settlement of a minor's claim shall not exceed 25% of the gross award, less costs); Alameda County Superior Court Rule Appendix B(2) (for pretrial settlement of minors' claims, attorneys fees shall not exceed 25 percent of the settlement amount, less

9

costs).

Under the California Probate Code's provisions governing guardianship, the court must approve reasonable attorneys' fees contained as part of the settlement of a minor's claim. Cal. Prob. Code §§ 3600-3601. The court has discretion to determine the reasonableness of an award considering "the type and difficulty of the matter, counsel's skill vis-a-vis the skill required to handle the case, and the outcome." Padilla v. McClellan, 93 Cal. App. 4th 1100, 1107 (2001), citing Contractor's Labor Pool, Inc. v. Westway Contractors, Inc., 53 Cal. App. 4th 152, 168 (1997); see also Curtis v. Fagan, 82 Cal. App. 4th 270, 276-77 (2000). Similar to the measure of attorneys' fees under federal law, see, e.g., Blum v. Stenson, 465 U.S. 886, 888 (1984), the court should consider the amount of counsel's services rendered to the minor and the value of those services. Padilla, 93 Cal. App. 4th at 1108; see also PLCM Grp. v. Drexler, 22 Cal. 4th 1084 (2000) (attorneys fees calculation begins with lodestar). Nonetheless, equitable considerations should guide the court's determination of a fair and reasonable attorneys' fees award. See PLCM, 22 Cal. 4th at 1095.

Here, the plaintiffs have tendered evidence that counsel's fee of $350 per hour is reasonable in metropolitan markets in California, given his skill and experience. Brancart Decl. ¶ 4. Plaintiffs have also tendered evidence of the amount of time counsel expended on the case. Fagan Decl. Ex. 1. The court has reviewed these records and all of the time for which he seeks compensation appears reasonable, as it includes those duties which

a diligent attorney would typically perform in litigation: communication with his clients, legal research, drafting the complaint, conducting discovery and factual research, and participating in mediation. These are the types of activities for which an attorneys fee award may reasonably include. See, e.g., Ketchum v. Moses, 24 Cal. 4th 1122, 1128, 1131-32 (2001).

Nonetheless, the court finds an attorneys' fees award of 56 percent of the total settlement amount to be excessive and to not represent a fair compromise of the minors' claims. As set forth above, in California courts attorneys are typically awarded a maximum of 25 percent of the total settlement award of a minor's claim, less costs, unless there are extraordinary circumstances warranting a greater award. Here, plaintiffs' counsel would be awarded more than twice the limit set by California courts. His fee award would also represent five times the amount of the settlement funds allocated to all of the minor plaintiffs, cumulatively. See Lingenfelter Decl. ¶ 23; Robidoux Decl. ¶ 13. In order for this to represent a fair allocation of the settlement, counsel's efforts or results would need to be truly extraordinary indeed.

The court's review of the evidence tendered does not demonstrate this. Although plaintiffs secured a settlement award that exceeds the apparent average award for similar cases, the settlement is not so extraordinary to merit counsel's apparently excessive fee award. There has been no evidence tendered to the court of the terms of the settlement beyond the monetary award. In comparison, for example, in one of the purportedly similar

cases of which plaintiffs have tendered evidence, the plaintiffs recovered not only a monetary award, but defendants also established a fund for additional victims of their discriminatory practices, modified their rules and practices, required all employees and agents to attend fair housing training, and provided $72,000 to establish an after-school program for children who reside at the apartment complex. Fagan Decl. Ex. 4 at 2. Here, there is no evidence of the settlement encompasses such a comprehensive remedy or that the results plaintiffs' counsel obtained could otherwise be characterized as extraordinary. See Padilla, 93 Cal. App. 4th at 1107 (outcome of the case relevant to determination of whether attorneys fee is fair in the compromise of a minor's settlement). There is no evidence tendered that the settlement agreement contains even a requirement that defendants change their policies and procedures or otherwise take steps to ensure that the alleged violations do not recur. See Compl., Prayer for Relief. Finally, although plaintiffs' counsel spent 478.68 hours on the case, the case had been pending for two and a half years prior to settlement, which results in an average of sixteen hours of work per month. This does not reflect a particularly extraordinary amount of effort in litigating the case, so as to merit such a proportionally large fee award. See Padilla, 93 Cal. App. 4th at 1107 (counsel's "time and attention [given] to the case" relevant in considering the attorneys fees award in the settlement of a minor's claim).

1     Nonetheless, the court notes that the settlement amount is
2 much greater than that of the average fair housing case, based
3 on the evidence tendered to the court. See Fagan Decl. Ex. 5.
4 Based on this, the court finds that it is equitable to increase
5 the amount of plaintiffs' counsel fee award beyond the 25 percent
6 that is standard in California. See PLCM, 22 Cal. 4th at 1095
7 (equitable concerns should guide court's attorney's fees award).
8 Accordingly, the court approves the compromise of the minors'
9 claims in all respects except that, of the total settlement
10 award, plaintiffs' counsel shall be awarded $8,500.73 in costs
11 and one-third percent of the remaining award, or $77,166.42, in
12 fees.

### IV. CONCLUSION

For the reasons stated herein, plaintiffs' motion is GRANTED IN PART and DENIED IN PART, as provided herein.

IT IS SO ORDERED.

DATED: May 28, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT