UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE ROBIDOUX; REGINA
ROBIDOUX; RANDALL
REICHEBERG, JR. and JESSE J.
ROBIDOUX, JR., minors by and
through their GUARDIAN AD
LITEM, REGINA ROBIDOUX; SHAUN
JOHNSON; LORENA LINGENFELTER;
HANNAH BURK and MICHAEL BURK,
minors by and through their
GUARDIAN AD LITEM, LORENA
LINGENFELTER, individuals,

NO. CIV.S-06-2334 LKK/DAD

    Plaintiffs,

  v.                                O R D E R

WACKER FAMILY TRUST; WAYNE
WACKER, EILEEN WACKER and
CHRISTINE WACKER, individually
and doing business as VILLA
SERRANO APARTMENTS; BRIAN
ROSENGREN,

    Defendants.
_____/

    Plaintiffs had previously moved for approval of minor plaintiffs' settlement, which the court rejected on the basis that it had not been shown that plaintiffs' counsel's attorneys fees were reasonable. Plaintiffs move for reconsideration of that order.

1

The court resolves the motion on the papers.[1] For the reasons stated herein, the court denies the motion.

## I. BACKGROUND

The plaintiffs sued the defendants, Villa Serrano Apartments and its owners and operators, for violations of the Fair Housing Act, the California Fair Housing and Employment Act, and other state claims, alleging that the defendants discriminated against families with children. See Complaint. Plaintiff Johnson is allegedly a former employee of the defendants as well as resident of the Villa Serrano Apartments and has alleged that defendants unlawfully terminated her tenancy. The plaintiffs also alleged that certain defendants are liable for negligence, assault, battery, and intentional infliction of emotional distress. In their complaint, plaintiffs sought declaratory and injunctive relief, as well as compensatory, punitive and treble damages and attorneys fees.

The parties ultimately agreed to a settlement, whereby defendants agreed to pay all of the plaintiffs $240,000 for damages, attorney's fees, and costs. Amended Declaration of Stuart E. Fagan In Support of Motion to Approve Compromise of Minors' Claims ("Fagan Decl.") ¶¶ 59-61. Of this, it was proposed that plaintiffs' counsel would receive $135,000, or 56 percent of the total award, and the plaintiffs collectively would receive $105,000. Id. ¶ 60. According to plaintiffs, the $105,000 will be distributed so that the Robidoux plaintiffs would share $35,000,

---

[1] Defendants have filed a statement of non-opposition.

1 the Lingenfelter plaintiffs would share $35,000, and plaintiff
2 Johnson would receive $35,000. Pls.' Mot. to Approve Minors'
3 Compromises at 1.
4      On May 29, 2009, the court granted the plaintiffs' motion to
5 approve the compromise of the minors' claims in part, but denied
6 it to the extent of attorneys' fees that would be allocated to
7 plaintiffs' counsel. The court determined that plaintiffs had not
8 demonstrated that an allocation of so great a percentage of the
9 total settlement award to counsel was fair. The court instead
10 awarded plaintiffs' counsel the full amount of costs requested and
11 one-third of the remaining settlement amount as fees. It is of this
12 order that plaintiffs now seek reconsideration.

## II. STANDARD

14      "Under the 'law of the case' doctrine a court is generally
15 precluded from reconsidering an issue that has already been decided
16 by the same court, or a higher court in the identical case." United
17 States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing
18 Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied,
19 508 U.S. 951 (1993)). Although motions to reconsider are directed
20 to the sound discretion of the court, see Kern-Tulare Water Dist.
21 v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986),
22 aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th
23 Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of
24 judicial economy weigh heavily in the process.  Thus, Local Rule
25 78-230(k) requires that a party seeking reconsideration of a
26 district court's order must brief the "new or different facts or

3

circumstances...which... were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876; see also Sch. Dist. No. 1J, Multnomah County, Oregon v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2003).

Motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect [ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

### III. ANALYSIS

Plaintiffs assert that the court committed clear error in its May 29, 2009 order because it did not award attorneys' fees based on application of the lodestar method that typically applies to cases brought under the Fair Housing Act. The court cannot agree.

While the plaintiffs are correct that the lodestar method of

4

1  determining attorneys' fees is utilized in Fair Housing Act cases
2  and that this method serves an important policy purpose, <u>see</u>
3  <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145, 1149 n.4 (9th Cir.
4  2001), as the court explained in its order, it has a special duty
5  to only approve settlement awards of minors' claims that are fair.
6  <u>See</u> Order, May 29, 2009 at 8, citing, <u>inter alia</u>, Local Rule 17-
7  202(b)(2) & Fed. R. of Civ. P. 17(c). Plaintiffs have not directed
8  the court to any authority holding that this obligation is
9  abrogated in civil rights cases. In fact, a court may limit
10 attorneys' fees even in civil rights cases where equitable
11 considerations would be served. <u>See</u>, e.g., <u>Seattle Sch. Dist. No.</u>
12 <u>1 v. State of Washington</u>, 633 F.2d 1338, 1347-48 (9th Cir. 1980)
13 (court can decline to award any attorneys fees to prevailing party
14 under civil rights statute where balance of the equities warrants
15 it); <u>Krause v. Rhodes</u>, 640 F.2d 214, 217 (6th Cir. 1981), cert.
16 denied, 454 U.S. 836 (court has discretion to limit attorneys' fees
17 award where fees awarded under 42 U.S.C. § 1988). Clearly, the
18 court's duty to ensure that minor parties' interests are given fair
19 consideration in a proceeding is such an acceptable limit to a fee
20 award. <u>See</u> Order, May 29, 2009 at 8.

## IV. CONCLUSION

Accordingly, the plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: July 7, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5